OREN CLARK *and another versus* SAMUEL PRATT.

A party in possession of land, but having no title, will not be permitted to object to an informality in the execution of the owner's deed, to defeat a writ of entry brought by the owner to recover possession of the premises.

THIS was a WRIT OF ENTRY, dated May 11, 1857, demanding sundry described lots on an island in Oldtown. The tenant pleaded the general issue, with a claim for betterments. ·

It appeared in evidence that Samuel Guild was, on Sept. 16, 1856, president of the People's Bank in Roxbury, and as such, in the name of the bank, executed a deed of the demanded premises to Oren Clark and William N. Soper, the demandants, affixing the corporate seal; and that, in so doing, he acted under the authority of a vote of the directors not recorded, but without written authority. The charter and organization of the bank, and its title to the premises by levy of an execution in 1842, were shown.

The tenant introduced the record of a mortgage of a portion of the premises by Leonard Reed to Edward and Samuel Smith, dated April 6, 1833, to secure $250, and an assignment of the mortgage to Levi Cram, April 27, 1833. Also the record of the assessment of a tax, by the assessors of the town, in 1837, on another portion of the premises, duly signed; the record of the town meeting when the assessors and collector of that year were chosen; the record of their oaths of office, and the collector's bond; and the record of the return of sale of the land so assessed, by the treasurer, May 7, 1838, and testimony to show that the original return was lost. Also deeds from the collector and treasurer, May 7, 1838, of the same land sold for taxes to the tenant, and a deed of another portion sold for taxes assessed in 1838 to G. P. Sewall, and a deed from Sewall to the tenant. Also proof that the tenant had entered upon the demanded premises in 1837, and held undisturbed possession, claiming title, since May, 1838. Also the deposition of J. B. Smith, col-

Clark v. Pratt.

lector and treasurer at the time, stating that he could not find the lists of taxes committed to him for the year 1837, but that he advertised and sold the lots for non-payment of taxes, according to law, a part to the tenant, a part to Sewall, and the remainder to persons whose names he could not recollect.

On the testimony, CUTTING, J., the presiding Judge, ruled that the demandants had a legal title to the demanded premises; and the jury returned a verdict for the demandants, with an estimate of the value of the premises and of the betterments. The tenant filed *exceptions* to the ruling.

*G. P. Sewall*, for the tenant, argued that E. and S. Smith, having mortgaged a portion of the premises before the People's Bank obtained their title by levy of an execution, the Smiths and those claiming under them, are estopped from claiming the mortgaged portion. *Wilkinson* v. *Scott*, 17 Mass., 257; *Varnum* v. *Abbot*, 12 Mass., 474; *Fairbanks* v. *Williamson*, 7 Maine, 96; *Taylor* v. *Needham*, 2 Taunt., 278. To the portion conveyed by the collector of taxes for 1837 to the tenant, his title should be sustained. *Freeman* v. *Thayer*, 33 Maine, 76. The deed to the demandants was not properly executed, and they have no title. *Hoyt* v. *Thompson*, 1 Selden, 320; *Burrill* v. *Nahant Bank*, 2 Met., 163. Guild could only be authorized to convey by an instrument under seal, or by a vote of the directors. *Hayden* v. *Mid. Turn. Cor.*, 10 Mass., 403; 8 Mass., 299; *Miller* v. *Ewer*, 27 Maine, 509; *Lumbard* v. *Aldrich*, 8 N. H., 31; 12 N. H., 205. The vote conferred no power until recorded. The directors are the corporation as to dealings with others. 2 Metc., 163, and 12 N. H., 205, before cited. The books of a corporation are the evidence of its acts. *Hudson* v. *Carman*, 41 Maine, 84; Angell and Ames on Corporations, p. 283, and cases there cited. To authorize an agent to make a deed for an individual, he must be empowered in writing under seal. In the case of the corporation, the authority must at least be in writing. An unrecorded vote is parol authority, and can be

proved only by parol. This is contrary to the practice of our courts, so far as relates to real estate. *Meth. Ch. Corp.* v. *Herrick,* 25 Maine, 358; *Manning* v. *5th Par. of Gloucester,* 6 Pick., 6; *Stetson* v. *Patten,* 2 Maine, 555; *Emerson* v. *Coggswell,* 16 Maine, 77; 12 N. H., 205, before cited. R. S. of 1841, c. 91, § 30, provides that an estate otherwise than at will shall not pass except by an instrument in writing, signed by the grantor or his attorney; and Guild was not the authorized attorney of the bank.

*J. H. Hilliard,* for the demandants.

The deed to the demandants being unexceptionable in form, the presumption is that it was executed by authority. 1 Seld. 335; *Flint* v. *Clinton,* 2 N. H., 430; Angell and Ames on Corp., 158; 2 Metc., 166; 2 Greenl. Ev., § 62. The assent of the directors is sufficiently proved. *Gardner* v. *Gardner,* 5 Cush., 483. The bank has received its pay and ratified the transaction, and the objection comes from a stranger. As to the authority of agents of corporations, the counsel cited Angell and Ames, 174, 233–4; *Badger* v. *Bank of Cumberland,* 26 Maine, 425. Where there is no record, other evidence is admissible. *Bassett* v. *Marshall,* 9 Mass., 312; *Edgerly* v. *Emerson,* 3 Foster, 885. But the directors are agents of the corporation, and may authorize one of their number to sign and seal, without formal vote or record. 12 Wheat., 81. The tenant, being a stranger, disseizor or wrongdoer, is not in a position to object to any informality in the title of the demandants. *Knox* v. *Jenks,* 7 Mass., 492.

The tenant claims to have been in possession since the spring of 1857; but it does not appear that he claimed title until May, 1858. He fails to make out 20 years *adverse* possession, which is necessary to perfect his title. *Chadbourne* v. *Swan,* 40 Maine, 260. And his possession was interrupted by the levy made by the bank in 1842. *Woodman* v. *Bodfish,* 25 Maine, 317.

The tax title claimed by the tenant to a part of the prem-

ises is defective. *Shimmin* v. *Inman*, 26 Maine, 232; *Flint* v. *Sawyer*, 30 Maine, 226.

The opinion of the Court was drawn up by

DAVIS, J. — The demandants claim under a recorded deed, dated Sept. 16th, 1856. The proof of authority on the part of Guild to execute that deed, is sufficient, as against a *stranger*. The tenants have no interest in the mortgage assigned. to Cram. And the evidence fails to show that the collector of taxes, under whose deeds they claim, proceeded according to statute in making the sales. *Exceptions overruled.*

TENNEY, C. J., and APPLETON, CUTTING, MAY and KENT, JJ., concurred.