HARRY D. MILLER, TRUSTEE, *vs.* THE BELLAMORE ARMORED CAR AND EQUIPMENT COMPANY ET AL.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

In a suit by a trustee, the defendant cannot set off or counterclaim a debt due to him from the plaintiff personally.
Where the records of a corporation fail to show any vote of the directors authorizing the execution of a mortgage of its property by one of its officers, the fact that such a vote was passed may be proved, as against the corporation and its privies, by other evidence.
The weight to be given to conflicting evidence, and the conclusions of fact to be drawn therefrom, are for the determination of the trial court.

Argued January 30th—decided March 11th, 1913.

ACTION to foreclose a mortgage of real estate, brought to and tried by the Superior Court in Fairfield County, *Burpee, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant Car and Equipment Company. *No error.*

*James A. Marr,* for the appellant (defendant Car and Equipment Company).

*Edward K. Nicholson,* for the appellee (plaintiff).

THAYER, J. This action was brought to foreclose a mortgage purporting to have been given to Harry D. Miller, trustee, by the Bridgeport Vehicle Company. The action is brought by Miller, as trustee under the will of one Strong, against the Bellamore Armored Car and Equipment Company, who have purchased the property and assumed the debts of the Vehicle Company.

The defendant attempted to counterclaim for a debt claimed to be due from Miller, personally, to the Vehicle Company. Two of the assigned errors relate to the court's refusal to deduct the amount of these claims from the amount due upon the mortgage. The court's action in this respect is so clearly correct that we do not stop to discuss the question. The personal debt of Miller could not be allowed against the amount owed by the defendant to the trustee of the Strong estate.

The mortgage sought to be foreclosed was signed and sealed in the name of the Vehicle Company by Miller, as agent, and the deed recites that he was thereto duly authorized. The records of the Vehicle Company show that at a meeting of the stockholders of the company, more than a year prior to the execution of the deed, it was voted that Miller "be and he hereby is authorized to sign any agreements, mortgage or mortgages in con-

nection with the erection of a new building, . . . said power to include the power to mortgage the plant and machinery"; but they do not show that the board of directors of the company ever authorized Miller to execute the mortgage. The loan secured by the mortgage was advanced for the new building. Testimony was received by the court tending to prove that Miller was authorized by a vote of the board of directors to execute the mortgage shortly before it was executed. There was also testimony tending to show that there was no such vote. The records failing to show that such authorization was given by the board of directors, it was competent, as against the Vehicle Company and its privies, if they had in fact authorized Miller to execute the mortgage, to prove it by other evidence. Thompson on Corporations, §§ 5016, 6175; *Hart* v. *Stone,* 30 Conn. 94, 96; *Clark* v. *Pratt,* 47 Me. 55, 58; *Murray* v. *Beal,* 23 Utah, 548, 65 Pac. 726, 729. From the evidence before the court it has found that the corporation, by Miller, its agent, executed and delivered the mortgage in question. We cannot, as we are requested to do, say that this finding is wrong, and change it to a finding that the directors did not authorize the deed, and that it was never properly executed. The court followed the positive testimony that there was a vote of authorization, against that of some of the directors who had no recollection of such vote. It was a question of fact dependent upon the weight to be given to testimony, where there was conflict in it, and it was for the trial court to determine.

The defendant's case turned upon the question whether the mortgage was properly executed. There are numerous other questions raised, and requests for changes in the finding, but as they relate to the matters sought to be raised by the counterclaim, or similar questions sought to be raised by the answer, the

changes, if made, would not affect the decision of the case. The court properly refused to make the changes requested.

. There is no error.

In this opinion the other judges concurred.