JOHN T. WALLACE ET AL. *vs.* ARTHUR G. WATERHOUSE.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

In an action for negligently running an automobile over and killing a dog in the highway, the plaintiff is bound to prove something more than mere rapid driving and the collision and death of the dog, since proof of these facts alone does not afford a logical basis for an inference of negligence, nor does it remove the question as to what was really the proximate cause of the accident from the realm of speculation or conjecture; and therefore in this situation a judgment of nonsuit is proper.

Argued January 22d—decided March 11th, 1913.

ACTION to recover damages for negligently running an automobile over and killing a registered dog, brought by appeal from a judgment of a justice of the peace to the Court of Common Pleas in New Haven County, where the plaintiffs were nonsuited in a trial to the jury before *Wolfe, J.*, from which judgment they appealed. *No error.*

*Charles J. Martin,* for the appellants (plaintiffs).

*James E. Connor, Jr.,* with whom was *Frank Kenna,* for the appellee (defendant).

PER CURIAM.   Upon the conclusion of the plaintiffs' testimony in chief, the defendant moved for a nonsuit upon two grounds, to wit: (1) that there could be no recovery in this State for the negligent killing of a dog; and (2) that testimony upon which to base a finding of negligence on the part of the defendant, as a proximate cause of the injury to the dog, had not been produced.   The court granted the motion upon the latter ground only, and later denied the plaintiffs' motion to set the nonsuit aside.

The plaintiffs offered evidence tending to show that the defendant, while operating an automobile in the highway, ran over and killed their dog; that at the time of this occurrence he was going at a high rate of speed, estimated by the only person who placed an estimate upon it as twenty miles an hour; that the dog, being in company with two others upon the sidewalk, turned to cross the street, and that he was run over while in the act of crossing.   Here the plaintiffs stopped with their proof, and the jury was left uninformed upon other details which might have been significant, especially in view of the habits and characteristics of dogs as commonly known.   It would be easy to surmise a variety of things entering, as acts of causation, into the injury to the dog, which might have occurred in addition to these determinable factors and consistent with them.   Such additional factors in the situation might point to a lack of care on the part of the driver of the automobile.   They easily might, on the other hand, demonstrate that he was free from blame, and that the dog was responsible for his own death.   No light was thrown upon these matters of possible controlling importance, and the jury was left to conjecture as to

what occurred and what the real proximate cause of the killing of the animal was. The improper speed of the automobile may have concurred in point of time with the dog's injury without being the cause of it. "Excessive speed being proved, the cause of the accident would still be a matter of conjecture with the jury. While the cause of the accident could be proved by presumptive evidence and need not be established beyond a reasonable doubt, . . . the plaintiff was bound by his evidence to remove the cause from the realm of speculation, and to establish facts affording a logical basis for the inferences which he claimed." *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 398, 71 Atl. 553.

The court below did not pass upon the legal question presented in the motion for a nonsuit, and we have no occasion to do so.

There is no error.