### SAM HINES *v.* WILLIAM DAVIS
### (AC 18037)

Schaller, Spear and Sullivan, Js.

Argued March 18—officially released June 22, 1999

*Conrad Ost Seifert,* with whom, on the brief, was *Barry Ward,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom was *Joseph M. Busher* and, on the brief, *Philip R. Dunn, Jr.,* for the appellee (defendant).

*Opinion*

SULLIVAN, J. The plaintiff, Sam Hines, appeals from a judgment, rendered after a jury trial, in favor of the defendant. The plaintiff claims that the trial court improperly (1) excluded expert testimony and (2) instructed the jury on General Statutes § 14-218a.[1] We affirm the judgment of the trial court.

[1] General Statutes § 14-218a provides in relevant part: "(a) No person shall operate a motor vehicle upon any public highway of the state, or road of any specially chartered municipal association or any district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any parking area as defined in section 14-212, or upon a private road on which a speed limit has been established in accordance with this subsection, or upon any school property, at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions. The State Traffic Commission may determine speed limits which are reasonable and safe on any state highway, bridge or parkway built or maintained by the state, and differing limits may be established for different types of vehicles, and may erect or cause to be erected signs indicating such speed limits. The traffic authority of any town, city or borough may establish speed limits on streets, highways and bridges or in any parking area for ten cars or more or on any private road wholly within the municipality under its jurisdiction; provided such limit on streets, highways, bridges and parking areas for ten cars or more shall become effective only after application for approval thereof has been submitted in writing to the State Traffic Commission and a certificate of such approval has been forwarded by the commission to the traffic authority; and provided such signs giving notice of such speed limits shall have been erected as the State Traffic Commission directs, provided the erection of such signs on any private road shall be at the expense of the owner of such road. The presence of such signs adjacent to or on the highway or parking area for ten cars or more shall be prima facie evidence that they have been so placed under the direction of and with the approval of the State Traffic Commission. Approval of such speed limits may be revoked by said commission at any time if it deems such revocation to be in the interest of public safety and welfare, and thereupon such speed limits shall cease to be effective and any signs that have been erected shall be removed. Any speed in excess of such limits, other than speeding as provided for in section 14-219, shall be prima facie evidence that such speed is not reasonable, but the fact that the speed of a vehicle is lower than such limits shall not relieve the operator from the duty to decrease speed when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.

\* \* \*

The jury reasonably could have found the following facts. On August 23, 1994, at 11:15 a.m., the defendant was traveling southbound in his car on Route 87 in Bozrah, approaching the intersection with Stockhouse Road. That part of Route 87 is straight and relatively new, and the weather was dry and sunny. The plaintiff, who was thirteen years old, was riding his bicycle eastward on Stockhouse Road in the direction of Route 87. The defendant noticed what appeared to be a green streak and applied his brakes. The defendant's car struck and injured the plaintiff.

The plaintiff brought suit against the defendant, alleging negligence. The defendant in his answer denied negligence and asserted the special defense of contributory negligence. The jury returned a verdict in favor of the defendant.

I

The plaintiff first claims that the trial court improperly excluded the testimony of an expert witness on the alternate bases that (1) the testimony opined a cause of the accident that exceeded the limits to which courts permit proximate cause to run and (2) went to the ultimate issue in the case. We disagree.

At trial, the plaintiff sought to introduce testimony by William A. Vliet, an accident reconstruction expert, that the accident would not have occurred if the defendant had been traveling at the speed limit of forty miles per hour rather than the forty-nine miles per hour that Vliet determined the car had been traveling. The defendant objected, and, after the plaintiff's offer of proof, the trial court excluded the testimony.

"(c) Any person who operates a motor vehicle at a greater rate of speed than is reasonable, other than speeding, as provided for in section 14-219, shall commit the infraction of traveling unreasonably fast." In 1994, subsection (c) was subsection (b).

## A

"Because actual causation, in theory, is virtually limitless, the legal construct of proximate cause serves to establish how far down the causal continuum tortfeasors will be held liable for the consequences of their actions. *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 605–606, 662 A.2d 753 (1995). The fundamental inquiry of proximate cause is whether the harm that occurred was within the scope of foreseeable risk created by the defendant's negligent conduct. *Doe* v. *Manheimer*, 212 Conn. 748, 758, 563 A.2d 699 (1989)." *First Federal Savings & Loan Assn. of Rochester* v. *Charter Appraisal Co.*, 247 Conn. 597, 604, 724 A.2d 497 (1999). Alternatively stated, "the test for determining whether particular conduct is a proximate cause of an injury [is] whether it was 'a substantial factor in producing' the result. *Mahoney* v. *Beatman*, 110 Conn. 184, 195, 147 Atl. 762 [1929] . . . ." (Citations omitted.) *Kinderavich* v. *Palmer*, 127 Conn. 85, 92, 15 A.2d 83 (1940). Speed alone, even rapid speed, does not suffice to establish proximate cause in a negligence action. See *Wallace* v. *Waterhouse*, 86 Conn. 546, 86 A. 10 (1913) (plaintiff's mere showing of defendant's speed and collision with dog does not establish proximate cause without conjecture and speculation); *Channel* v. *Mills*, 77 Wash. App. 268, 281, 890 P.2d 535 (1995) (evidence that excessive speed brought drivers to same point at same time is irrelevant and does not establish proximate cause).

At the plaintiff's offer of proof, Vliet testified that "[his] conclusion of the analysis of forty miles an hour versus forty-nine miles an hour was that the car and the bicycle would not have collided." The fact that the defendant's particular speed resulted in his collision with the plaintiff at a specific point and time does not create a sufficient causal link to impose liability. The offer of proof does not indicate that the plaintiff's speed

prevented him from avoiding a collision that he could have avoided if he were traveling at forty miles per hour. The defendant's particular speed is too remote and attenuated to constitute proximate cause.

## B

Even if we assume, arguendo, that Vliet's testimony was relevant to causation, the testimony was inadmissible as testimony concerning the ultimate issue in the case.

"An expert witness ordinarily may not express an opinion on an ultimate issue of fact, which must be decided by the trier of fact. . . . An expert may, however, give an opinion on an ultimate issue where the trier, in order to make intelligent findings, needs expert assistance on the precise question on which it must pass . . . . The trial court's exercise of discretion in admitting expert testimony is not to be disturbed unless it has been abused or the error is clear and involves a misconception of the law." (Citations omitted; internal quotation marks omitted.) *State* v. *Smith*, 35 Conn. App. 51, 70, 644 A.2d 923 (1994).

The circumstances here do not warrant a departure from the general rule. We conclude that the trial court did not abuse its discretion in excluding Vliet's testimony.

## II

The plaintiff also claims that the trial court improperly charged the jury regarding unreasonable speed. Specifically, the plaintiff contends that the trial court improperly failed to read to the jury those parts of § 14-218a concerning (1) the state traffic commission's determination and posting of speed limits and (2) the driver's duty to decrease his speed, irrespective of the posted limit, where "special hazards" or weather and highway conditions so dictate. We disagree.

"Our standard of review concerning claims of instructional error is well settled. [J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . and not critically dissected in a microscopic search for possible error. . . . The instruction must be adapted to the issues and may not mislead the jury but should reasonably guide it in reaching a verdict. . . . We must review the charge as a whole to determine whether it was correct in law and [whether it] sufficiently guided the jury on the issues presented at trial. . . . *State* v. *Elijah*, 42 Conn. App. 687, 691, 682 A.2d 506, cert. denied, 239 Conn. 936, 684 A.2d 709 (1996)." (Internal quotation marks omitted.) *Thames River Recycling, Inc.* v. *Gallo*, 50 Conn. App. 767, 774, 720 A.2d 242 (1998).

The trial court instructed the jury that a violation of the posted speed limit "is prima facie evidence of unreasonable speed." The court made clear the import of the posted speed limit, and the fact that the state traffic commission sets those limits and posts the signs adds little or nothing to the weight of those speed limits. The trial court also instructed the jury that "under [some] circumstances, a very low rate of speed may be negligent." The trial court's decision not to use the exact statutory language has no significance. Although the trial court did not read § 14-218a to the jury in its entirety,[2] the court's instruction as a whole sufficiently

---

[2] The trial court's instruction to the jury stated in relevant part: "That statute I just mentioned [§ 14-218a] reads in relevant part as follows: 'No person shall operate a motor vehicle upon any public highway of the state at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions.'

"Now there [are] two mentions of speed, both common-law and statutory. So let me—but they will be so similar as to have the distinction blur, but I will charge you on both methods. Unreasonable speed is that rate of

informed and guided the jury concerning its duty and the relevant law.

The judgment is affirmed.

In this opinion the other judges concurred.

movement which is greater than reasonable under all of the circumstances. Under some circumstances, a high rate of speed may not be negligence; under other circumstances, a very low rate of speed may be negligent. So it's for you to determine under that part of the statute whether or not the rate of speed was unreasonable on the day in question.

"Violation of a posted speed, however, and now I'm getting into the statutory negligence, is prima facie evidence of unreasonable speed, but prima facie evidence means that if you choose to find the speed unreasonable, proof of violation of the speed limit can be sufficient, but it doesn't have to be if you find that even though the speed limit was violated, the speed at which the vehicle was driven was not unreasonable. So with statutory negligence, if you find the statute violated, that's negligence, but the statutory negligence claim in this case is a violation of the statute which requires a reasonable speed. So there's not a lot of functional difference between a specification of common-law negligence alleging unreasonable speed and a specification of common-law negligence which alleges a violation of a statute, but the statute requires that you don't drive at an unreasonable speed. It gets circular. Sorry I had to take you through it. The bottom line is if the speed is reasonable, there's neither common-law [nor] statutory negligence. If the speed is unreasonable considering all the circumstances, then there's both common-law and statutory negligence."