DONNA WINN, ADMINISTRATRIX (ESTATE OF GLENN WINN) *v.* DAVID POSADES ET AL.
(AC 25549)

Dranginis, Gruendel and Mihalakos, Js.

Argued May 23—officially released September 27, 2005

*Kim Coleman Waisonovitz*, with whom, on the brief, was *Norman A. Pattis*, for the appellant (plaintiff).

*David S. Monastersky*, with whom, on the brief, was *Claudia A. Baio* and *Daniel C. DeMerchant*, for the appellees (defendants).

*Opinion*

GRUENDEL, J. The plaintiff, Donna Winn, administratrix of the estate of Glenn Winn, appeals from the judgment of the trial court rendered after it granted the motion for a judgment of dismissal that was made by the defendants, David Posades and the town of Plainville, at the close of the plaintiff's case in this wrongful death action. On appeal, the plaintiff claims that the court improperly concluded that she had failed to present sufficient evidence of proximate cause as an element of her negligence and recklessness claims to survive the defendants' motion for a judgment of dismissal. We disagree and affirm the judgment of the trial court.

We view the evidence presented by the plaintiff in the light most favorable to her. On September 4, 1997, Posades, a member of the Plainville police department, was scheduled to work the midnight shift, from 11:45

p.m. until 7:45 a.m. He arrived at the police station at approximately 11:35 p.m. and, shortly thereafter, realized that he had left his handcuff keys at home. He set out for home in his police cruiser, traveling west on Route 372 toward the intersection with Route 177, an intersection controlled by a traffic light. As he entered that intersection, Posades, with a clear view to the south on Route 177, but an obstructed view to the north on Route 177, looked to the south. He was traveling at a speed of fifty-eight to seventy-five miles per hour in a twenty-five mile per hour zone. Meanwhile, the plaintiff's decedent, who was traveling south on Route 177 at a speed of thirty-seven to forty-six miles per hour in a thirty-five mile per hour zone, proceeded into the intersection directly in the path of Posades' vehicle. Posades' vehicle struck the vehicle being driven by the plaintiff's decedent, causing the decedent's vehicle to flip before it settled off the road. There were no skid marks in the area. The impact injured Posades and fatally injured the plaintiff's decedent, who died nine days after the accident. The plaintiff's decedent never regained consciousness to explain what had happened before his death. Posades, the sole eyewitness to the accident, testified that he recalled nothing of the accident or how it had occurred. He last remembered traveling west on Route 372 toward the intersection with Route 177.

The plaintiff subsequently filed this action against the defendants, alleging, inter alia, that the collision in which the plaintiff's decedent was killed was caused by Posades' negligent and reckless operation of his vehicle. After presentation of the plaintiff's case-in-chief, the defendants filed a motion for a judgment of dismissal. The court heard arguments and granted the motion, stating: "I have read and reread most of the cases on the topic of speed and proximate cause, and, after viewing the evidence most favorabl[y] toward the

plaintiff, I have reluctantly concluded that the plaintiff has not made out a prima facie case. The plaintiff has the duty of proving the elements of the case, that includes duty, negligence, proximate cause and damages. The evidence to me, clearly, there was a duty. These were operators on the highway. They had a duty to each other. Clearly, there was damage, and clearly, in my view, there was evidence of negligence. In fact, there was evidence of recklessness. The fact that this defendant was operating at a speed which charitably could be fifty-eight miles per hour and could have been as high as seventy-five miles per hour in an area, which based on photographs, appears to be an area of mixed commercial-residential use, an area that has a speed limit of twenty-five miles per hour. To me, there is no question that that is negligence and the jury could reasonably find that it's recklessness. And, personally, I find it reprehensible that a police officer on duty not responding to an emergency was traveling that fast. . . . However, on balance, I simply find that there is not such evidence on the issue of proximate cause." The plaintiff now appeals from the court's decision to grant the defendants' motion for a judgment of dismissal.

"Practice Book § 15-8 provides in relevant part: 'If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . .' The standard for determining whether the plaintiff has made out a prima facie case, under Practice Book § 15-8, is whether the plaintiff put forth sufficient evidence that, if believed, would establish a prima facie case . . . ." *Gambardella* v. *Apple Health Care, Inc.*, 86 Conn. App. 842, 846, 863 A.2d 735 (2005). "[T]o establish a prima

facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . [T]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor." (Internal quotation marks omitted.) *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 455–56, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002). "[W]hether the plaintiff has established a prima facie case is a question of law over which our review is plenary." (Internal quotation marks omitted.) *John H. Kolb & Sons, Inc.* v. *G & L Excavating, Inc.*, 76 Conn. App. 599, 605, 821 A.2d 774, cert. denied, 264 Conn. 919, 828 A.2d 617 (2003).

The plaintiff claims that the court improperly concluded that she failed to present sufficient evidence of proximate cause as an element of her negligence and recklessness claims to survive the defendants' motion for a judgment of dismissal. We disagree.

"Proximate cause is an essential element to any claim of negligence." *Blancato* v. *Randino*, 30 Conn. App. 810, 813, 622 A.2d 1032 (1993). "A legal, or proximate, causal connection between the conduct and the resulting injury [also] is a necessary element of [a cause] of action . . . in recklessness." *Boehm* v. *Kish*, 201 Conn. 385, 390, 517 A.2d 624 (1986). "[T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . Further, it is the plaintiff who bears the burden to prove an unbroken sequence of events that tied his injuries to the [defendant's conduct]. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection." (Internal quotation marks omitted.) *Cote* v. *Colonial Penn Franklin Ins. Co.*, 88 Conn. App. 262, 266–67, 869 A.2d

266 (2005). "[A] plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might have been negligent in a manner which would, or might have been, a proximate cause of the collision. A plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation." (Internal quotation marks omitted.) *O'Brien* v. *Cordova*, 171 Conn. 303, 306, 370 A.2d 933 (1976).

That said, the threshold question is: Was there evidence as to how the accident happened? See *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 317, 240 A.2d 881 (1968). The answer is no, and to explain why, we analogize the present case to *Wallace* v. *Waterhouse*, 86 Conn. 546, 86 A. 10 (1913), and *Palmieri* v. *Macero*, 146 Conn. 705, 155 A.2d 750 (1959), and distinguish it from *Terminal Taxi Co.* In *Wallace* v. *Waterhouse*, supra, 547, the plaintiffs brought an action against the defendant for his negligent operation of his vehicle that killed a dog on a highway. Following presentation of the plaintiffs' case-in-chief, the court granted the defendant's motion for a nonsuit on the ground that the plaintiffs had not produced sufficient evidence to support a finding that the defendant's negligence was a proximate cause of the dog's injury. Id. On appeal from that decision, the court noted that the plaintiffs had offered evidence "that the defendant, while operating an automobile in the highway, ran over and killed their dog; that at the time of this occurrence he was going at a high rate of speed . . . that the dog, being in company with two others upon the sidewalk, turned to cross the street, and that he was run over while in the act of crossing." Id. On the basis of that evidence, the court explained that "[i]t would be easy to surmise a variety of things entering,

as acts of causation, into the injury to the dog, which might have occurred in addition to these determinable factors and consistent with them. Such additional factors in the situation might point to a lack of care on the part of the driver of the automobile. They easily might, on the other hand, demonstrate that he was free from blame, and that the dog was responsible for his own death. No light was thrown upon these matters of possible controlling importance, and the jury was left to conjecture as to what occurred and what the real proximate cause of the killing of the animal was. The improper speed of the automobile may have concurred in point of time with the dog's injury without being the cause of it. Excessive speed being proved, the cause of the accident would still be a matter of conjecture with the jury." (Internal quotation marks omitted.) Id., 547–48.

The plaintiff in *Palmieri* v. *Macero*, supra, 146 Conn. 705, similarly was unable to remove the issue of proximate cause from the realm of speculation and conjecture. There, the plaintiff testified that he was awakened as his automobile, operated at the time by his nephew, went over a turnpike embankment. Id., 706. The plaintiff's nephew died, and there were no witnesses to the accident. Id. The jury returned a plaintiff's verdict, which the trial court set aside. Id., 707. Judgment was rendered notwithstanding the verdict, and the plaintiff appealed. Id. In affirming that judgment, the court stated that "while the marks upon and about the highway indicated that the car was then traveling at a fast rate of speed and was out of control, there was no basis for finding what caused the vehicle to make these marks or to follow the course which it did. Though it might be reasonable to assume  .  .  .  that the nephew fell asleep at the wheel and thus lost control of the car, it is just as reasonable to suppose that any one of a number of other possibilities was the motivating factor for

the erratic course which the car pursued. The operator might have been confronted by a sudden emergency not caused by his own negligence . . . or he could have blacked out from an attack of sudden illness. Indeed, he could even have been dead at the wheel when the car made the first marks upon the shoulder of the road. . . . The existence of so many possibilities as to the proximate cause of this accident, together with the lack of facts pointing significantly to any one of them as due to the negligence of the nephew, renders the question of his negligence too conjectural and uncertain to warrant a verdict against the defendant." (Citations omitted.) Id., 707–708.

Unlike those cases, in *Terminal Taxi Co.* v. *Flynn*, supra, 156 Conn. 317, there was evidence as to how the accident happened. In that case, the plaintiff brought an action for injuries he allegedly sustained when his car was struck by a car driven by the defendant's decedent. Id., 314. The jury returned a plaintiff's verdict, the court denied the defendant's motion to set it aside and the defendant appealed. Id. On appeal, the defendant did "not question the fact that the [decedent's] car and the [plaintiff's car] were proceeding in the same direction or that the damage to the vehicles indicates that the [decedent's] car was traveling at a fast rate of speed." Id., 317. Rather, in an attempt to analogize this case to *Palmieri* v. *Macero*, supra, 146 Conn. 705, the defendant claimed that the decedent might have been confronted with a sudden emergency or illness. *Terminal Taxi Co.* v. *Flynn*, supra, 317. Distinguishing *Palmieri*, the court stated: "Here, there was evidence as to how the accident happened: [The plaintiff] testified about what he saw, and evidence of physical facts was introduced through the investigating officer. . . . [T]here is little doubt about the manner in which the accident occurred. The facts were adequate to warrant the jury in drawing the inference that [the decedent]

was the responsible agent in causing his car to take the course it did. The jury could have found from the nature and the extent of the damage to the vehicles that [the decedent] was operating his car at an excessive speed and that he was not driving at a reasonable distance apart from the taxicab. It was reasonable to infer that [the decedent] was attempting to pass the taxicab and, because the one-way traffic pattern terminated at the intersection, he accelerated the speed of his vehicle in order to complete the passing prior to entering the section of Long Wharf Drive where he would be confronted with oncoming traffic in the westerly lane." Id., 317–18.

Here, as in *Wallace* and *Palmieri*, but unlike in *Terminal Taxi Co.*, the plaintiff presented no evidence as to how the accident actually had happened. Even if the plaintiff's evidence tended to show that Posades was negligent or reckless in driving his police cruiser through the intersection at a speed of fifty-eight to seventy-five miles per hour in a twenty-five mile per hour zone, there was no evidence that that conduct proximately caused the collision.[1] See *Hines* v. *Davis*, 53 Conn. App. 836, 839, 731 A.2d 325 (1999) ("fact that the defendant's particular speed resulted in his collision with the plaintiff at a specific point and time does not create a sufficient causal link to impose liability").

[1] The plaintiff argues that even if the court properly determined that she had failed to present sufficient evidence of proximate cause as an element of her negligence claim, "where, as here, the trial court finds that a tortfeasor behaved with *reckless* disregard of another person based on speed . . . speed alone is sufficient to make out a claim of proximate cause." (Emphasis added.) Stated differently, the plaintiff argues that speed alone suffices to establish proximate cause as an element of her recklessness claim. As noted, "[a] legal, or proximate, causal connection between the conduct and the resulting injury is a necessary element of [a cause] of action . . . in recklessness"; *Boehm* v. *Kish*, supra, 201 Conn. 390; and "[t]he finding of actual cause is . . . a requisite for any finding of proximate cause." (Emphasis added.) Id., 392. Because the plaintiff failed to present any evidence as to what actually caused the accident, her argument must fail.

There are a number of factual possibilities that may explain how the accident happened. For example, Posades may have been faced with a sudden emergency created by the decedent's running a red traffic light, but the lack of facts pointing significantly to any one possibility as due to the negligence of Posades renders the question of his negligence too conjectural and uncertain to warrant a verdict against the defendants. See *Palmieri* v. *Macero*, supra, 146 Conn. 708. Accordingly, we reject the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.