# DONNA WINN, ADMINISTRATRIX (ESTATE OF GLENN WINN) *v.* DAVID POSADES ET AL.
## (SC 17567)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued September 21, 2006—officially released January 9, 2007

*Norman A. Pattis*, with whom were *Erin M. Kallaugher* and *Kimberly Coleman*, for the appellant (plaintiff).

*David S. Monastersky*, with whom was *Claudia A. Baio*, for the appellees (defendants).

*Opinion*

VERTEFEUILLE, J. This certified appeal arises from an action brought by the plaintiff, Donna Winn, the administratrix of the estate of her deceased son, Glenn Winn (decedent), against the defendants, David Posades and the town of Plainville, for the wrongful death of the decedent resulting from an automobile collision at an intersection. On appeal, the plaintiff claims that the Appellate Court improperly affirmed the judgment of the trial court, which had granted the defendants' motion for judgment of dismissal for failure to make out a prima facie case at the close of the plaintiff's case. *Winn* v. *Posades*, 91 Conn. App. 610, 881 A.2d 524 (2005). Specifically, the plaintiff claims that the Appellate Court improperly concluded that the plaintiff had failed to present sufficient evidence of proximate cause as an element of her negligence and recklessness claims. We disagree, and, accordingly, we affirm the judgment of the Appellate Court.

The Appellate Court opinion sets forth the procedural history of this case and the following evidence that was

presented by the plaintiff at trial. "On September 4, 1997, Posades, a member of the Plainville police department, was scheduled to work the midnight shift, from 11:45 p.m. until 7:45 a.m. He arrived at the police station at approximately 11:35 p.m. and, shortly thereafter, realized that he had left his handcuff keys at home. He set out for home in his police cruiser, traveling west on Route 372 toward the intersection with Route 177, an intersection controlled by a traffic light. As he entered that intersection, Posades, with a clear view to the south on Route 177, but an obstructed view to the north on Route 177, looked to the south. He was traveling at a speed of fifty-eight to seventy-five miles per hour in a twenty-five mile per hour zone. Meanwhile, the . . . decedent, who was traveling south on Route 177 at a speed of thirty-seven to forty-six miles per hour in a thirty-five mile per hour zone, proceeded into the intersection directly in the path of Posades' vehicle. Posades' vehicle struck the vehicle being driven by the . . . decedent, causing the decedent's vehicle to flip before it settled off the road. There were no skid marks in the area. The impact injured Posades and fatally injured the . . . decedent, who died nine days after the accident. The . . . decedent never regained consciousness to explain what had happened before his death. Posades, the sole [surviving] eyewitness to the accident, testified that he recalled nothing of the accident or how it had occurred. He last remembered traveling west on Route 372 toward the intersection with Route 177.

"The plaintiff subsequently filed this action against the defendants, alleging, inter alia, that the collision in which the . . . decedent was killed was caused by Posades' negligent and reckless operation of his vehicle. After presentation of the plaintiff's case-in-chief, the defendants filed a motion for a judgment of dismissal. The court heard arguments and granted the motion, stating: 'I have read and reread most of the cases on

the topic of speed and proximate cause, and, after viewing the evidence most favorabl[y] toward the plaintiff, I have reluctantly concluded that the plaintiff has not made out a prima facie case. The plaintiff has the duty of proving the elements of the case, that includes duty, negligence, proximate cause and damages. The evidence to me, clearly, there was a duty. These were operators on the highway. They had a duty to each other. Clearly, there was damage, and clearly, in my view, there was evidence of negligence. In fact, there was evidence of recklessness. The fact that [Posades] was operating at a speed which charitably could be fifty-eight miles per hour and could have been as high as seventy-five miles per hour in an area, which based on photographs, appears to be an area of mixed commercial-residential use, an area that has a speed limit of twenty-five miles per hour. To me, there is no question that that is negligence and the jury could reasonably find that it's recklessness. And, personally, I find it reprehensible that a police officer on duty not responding to an emergency was traveling that fast. . . . However, on balance, I simply find that there is not such evidence on the issue of proximate cause.' " Id., 611–13. The trial court therefore granted the defendants' motion for judgment of dismissal and rendered judgment in favor of the defendants.

The plaintiff appealed from the judgment of the trial court to the Appellate Court, claiming that the trial court improperly had granted the defendants' motion for judgment of dismissal. The Appellate Court affirmed the judgment of the trial court, concluding that the plaintiff had failed to present evidence of how the accident actually happened. Id., 618–19. Thereafter, we granted the plaintiff's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court properly

affirm the directed judgment of the trial court?" *Winn* v. *Posades*, 276 Conn. 923, 888 A.2d 91 (2005).

The plaintiff claims that the Appellate Court improperly affirmed the trial court's judgment of dismissal. Specifically, the plaintiff asserts that the Appellate Court misapplied the law regarding proximate cause, and failed to recognize that she had produced sufficient evidence to establish an unbroken sequence of events that tied the decedent's death to Posades' conduct. In response, the defendants contend that the Appellate Court properly affirmed the trial court's judgment of dismissal. The defendants assert that evidence of Posades' improper or negligent conduct in traveling at an excessive speed was not sufficient to remove the issue of proximate cause from the realm of pure speculation or guesswork, and that, therefore, the plaintiff failed to introduce sufficient evidence to establish proximate cause. We agree with the defendants, and, accordingly, we affirm the judgment of the Appellate Court.

As an initial matter, we set forth the applicable standard of review. Practice Book § 15-8 provides in relevant part: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."[1] "A prima facie case, in the sense in which that term is relevant to this case, is one sufficient to raise an issue to go to the trier of fact. . . . In order to establish a

---

[1] Although a motion to dismiss pursuant to Practice Book § 15-8 is not properly made in a jury trial, like the present case, the trial court acknowledged that the issue of whether the defendants' motion properly should have been brought as a motion for a directed verdict was not dispositive because the standard for granting a motion for a directed verdict is the same as the standard for granting a motion for judgment of dismissal. We agree.

prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . In evaluating [the denial of] a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor." (Citations omitted; internal quotation marks omitted.) *Thomas* v. *West Haven*, 249 Conn. 385, 392, 734 A.2d 535 (1999), cert. denied, 528 U.S. 1187, 120 S. Ct. 1239, 146 L. Ed. 2d 99 (2000). "Whether the plaintiff has established a prima facie case entitling the plaintiff to submit a claim to a trier of fact is a question of law over which our review is plenary." *DiStefano* v. *Milardo*, 276 Conn. 416, 422, 886 A.2d 415 (2005).

We view in the light most favorable to the plaintiff the following additional evidence, which was presented to the trial court and is relevant to the determination of whether the plaintiff had established a prima facie case of negligence or recklessness. The police officer who had performed an investigation of the accident testified that the front of the cruiser driven by Posades struck the driver's side of the vehicle driven by the decedent at the intersection of Route 372 and Route 177, causing the decedent's vehicle to roll over and the decedent to be ejected from his vehicle, resulting in the serious injuries that led to his death. The officer further testified that, at the time of the collision, Posades was traveling in a westerly direction on Route 372 at approximately fifty-eight to seventy-five miles per hour in a twenty-five mile per hour zone, and the decedent was traveling in a southerly direction on Route 177 at approximately thirty-seven to forty-six miles per hour in a thirty-five mile per hour zone. The evidence further indicated that Posades was looking to the left of the intersection at the time of the accident, not to the direction from which the decedent was

approaching. The evidence also established that the traffic light at the intersection was controlled by an electronic trigger, which was activated when motor vehicles approached the intersection from the north or south on Route 177. Posades was unable to recall how the accident happened, the decedent never regained consciousness, and there were no witnesses to the accident.

In affirming the judgment of the trial court, the Appellate Court concluded that "the plaintiff presented no evidence as to how the accident actually had happened. Even if the plaintiff's evidence tended to show that Posades was negligent or reckless in driving his police cruiser through the intersection at a speed of fifty-eight to seventy-five miles per hour in a twenty-five mile per hour zone, there was no evidence that that conduct proximately caused the collision." *Winn* v. *Posades*, supra, 91 Conn. App. 618. We agree.

We begin our analysis with a brief review of the law of negligence. "[E]ssential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Jagger* v. *Mohawk Mountain Ski Area, Inc.*, 269 Conn. 672, 687 n.13, 849 A.2d 813 (2004). "To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries. . . . The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . . The second component of legal cause is proximate cause . . . . [T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . Further, it is the plaintiff who bears the burden to prove an unbroken sequence of events that tied his injuries to the [defendants' conduct]. . . . The exis-

tence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be based upon more than conjecture and surmise." (Citations omitted; internal quotation marks omitted.) *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 24–26, 734 A.2d 85 (1999). "An actual cause that is a substantial factor in the resulting harm is a proximate cause of that harm. . . . The finding of actual cause is thus a requisite for any finding of proximate cause." (Citations omitted; internal quotation marks omitted.) *Boehm* v. *Kish*, 201 Conn. 385, 391–92, 517 A.2d 624 (1986).

This court has recognized that in a case involving an automobile accident, "[a] plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might have been negligent in a manner which would, or might have been, a proximate cause of the collision. A plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation." (Internal quotation marks omitted.) *O'Brien* v. *Cordova*, 171 Conn. 303, 306, 370 A.2d 933 (1976).

The plaintiff in the present case claims that the Appellate Court improperly applied *Wallace* v. *Waterhouse*, 86 Conn. 546, 86 A. 10 (1913), and *Palmieri* v. *Macero*, 146 Conn. 705, 155 A.2d 750 (1959), to the facts of this case. Specifically, the plaintiff asserts that, unlike the evidence in *Wallace* and *Palmieri*, the evidence presented in the present case established an unbroken sequence of events that tied the decedent's death to Posades' conduct. We disagree.

In *Wallace* v. *Waterhouse*, supra, 86 Conn. 548, this court affirmed the judgment of the trial court granting

the defendant's motion for judgment of nonsuit[2] in a negligence action brought by the plaintiffs against the driver of a motor vehicle that had run over and killed their dog. The evidence in *Wallace* demonstrated that the defendant, who had been driving his vehicle at a high rate of speed, hit the plaintiffs' dog while the dog was attempting to cross the street. Id., 547. In determining whether the plaintiffs had introduced sufficient evidence to establish a prima facie case, this court concluded that the plaintiffs had not met their burden because it was easy to surmise factors other than the defendant's speed that might have caused the accident, and the plaintiffs had failed to introduce any evidence to demonstrate what the "real proximate cause of the killing of the animal was." Id., 548. This court rejected the notion that the plaintiffs' proof of the defendant's excessive speed was sufficient to prove proximate cause, stating: "The improper speed of the automobile may have concurred in point of time with the dog's injury without being the cause of it. Excessive speed being proved, the cause of the accident would still be a matter of conjecture with the jury." (Internal quotation marks omitted.) Id.

This court addressed a similar issue forty-six years later in *Palmieri* v. *Macero*, supra, 146 Conn. 705. *Palmieri* involved a negligence action brought by the passenger of a motor vehicle who was injured when the motor vehicle went over an embankment on the Pennsylvania Turnpike. Id., 706. The plaintiff was unable to testify as to the cause of the accident because he had been asleep at the time of the accident. The driver of the vehicle, the defendant's decedent, did not survive the

---

[2] "We note that [a] motion for judgment of dismissal has replaced the former motion for nonsuit [pursuant to General Statutes § 52-210] for failure to make out a prima facie case." (Internal quotation marks omitted.) *Jackson* v. *Water Pollution Control Authority*, 278 Conn. 692, 700 n.9, 900 A.2d 498 (2006).

accident, and there were no other witnesses to the accident. Id. This court stated that, from the evidence presented at trial, "the jury could find that the car, westbound, ran for about thirty feet along the north shoulder of the road, crossed the two westbound lanes into the grassy center strip, where it left marks for eighty-seven feet, and then went diagonally across the westbound lanes for a distance of 294 feet, on through two sections of the guardrail on the northerly shoulder, and down the embankment for a distance of 100 feet." Id. After the jury returned a verdict for the plaintiff, the trial court set aside the verdict and rendered judgment for the defendant, finding that "while the marks upon and about the highway indicated that the car was then traveling at a fast rate of speed and was out of control, there was no basis for finding what caused the vehicle to make these marks or to follow the course which it did." Id., 707. In affirming the judgment of the trial court after the plaintiff appealed, this court concluded that "[t]he conclusion of the jury that negligence of the [defendant's decedent] was established was without evidential basis and could only have resulted from guesswork. . . . The existence of so many possibilities as to the proximate cause of this accident, together with the lack of facts pointing significantly to any one of them as due to the negligence of the [defendant's decedent], renders the question of his negligence too conjectural and uncertain to warrant a verdict against the defendant." (Citation omitted.) Id., 708.

Similar to *Wallace* and *Palmieri*, the evidence presented by the plaintiff in the present case failed to establish that Posades' conduct in operating his vehicle at a high rate of speed was the legal cause of the decedent's injuries. It is well established that in order to demonstrate that the defendant's conduct legally caused the decedent's injuries, the plaintiff must prove both causation in fact and proximate cause. See *Paige*

v. *St. Andrew's Roman Catholic Church Corp.*, supra, 250 Conn. 24–26. In the present case, the Appellate Court properly concluded that the plaintiff had presented insufficient evidence of the actual cause, or cause in fact, of the collision. Although the plaintiff's evidence showed that Posades had been negligent or reckless in operating his police cruiser through the intersection at a highly excessive rate of speed, there was no evidence that his speed actually had caused the collision.[3] There are a number of factual possibilities that could explain how the accident occurred. The decedent may have run a red light, improperly entering the intersection. Alternatively, the traffic light may have malfunctioned, permitting both Posades and the plaintiff's decedent to enter the intersection simultaneously.

Moreover, we must note that the record in the present case reveals that the plaintiff's counsel conceded, during her opening statement to the jury, that the decedent had consumed alcohol and smoked marijuana prior to operating his vehicle on the evening of the accident. This admission further supports the conclusion that factors other than Posades' excessive speed, including the possibility of the decedent's own impairment, might have caused the accident.

The plaintiff also contends that the Appellate Court improperly concluded that the present case is distinguishable from *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 240 A.2d 881 (1968). We disagree. The plaintiff taxicab driver in *Terminal Taxi Co.* brought an action to recover damages for injuries he had suffered when the motor vehicle that he was operating was struck in the rear by a motor vehicle operated by the defendant's

---

[3] We note that the plaintiff failed to present any expert testimony regarding whether Posades' excessive rate of speed prevented him from avoiding the accident. Such evidence would have provided an evidentiary basis for a determination that Posades' excessive rate of speed was the cause of the accident.

decedent. Id., 314–15. The evidence presented at trial consisted of testimony from the police officer who had performed an investigation of the accident and testimony from the plaintiff, who was able to testify as to what he saw immediately prior to the accident. Id., 317. The testimonial and physical evidence demonstrated that the plaintiff was traveling in a northerly direction on the right side of Long Wharf Drive in New Haven and that his vehicle was struck at the left rear by the right front of a vehicle operated by the defendant's decedent. Id., 314–15. The evidence also indicated that the accident occurred on a portion of Long Wharf Drive that was designated one-way for northbound traffic. Id., 315. The evidence further showed, and the defendant did not challenge, that the defendant's decedent was traveling at a fast rate of speed immediately prior to the collision with the plaintiff's vehicle. Id., 317. At the conclusion of the evidence, the defendant moved for a directed verdict on the ground that the evidence was insufficient to find the defendant's decedent liable. Id., 314. The trial court denied the motion, and the jury subsequently returned a verdict in favor of the plaintiff. Id. The defendant thereafter moved for judgment notwithstanding the verdict on the ground that there was no evidence as to what might have caused the defendant's vehicle to collide with the plaintiff's vehicle. Id., 314–16. The trial court denied the motion and rendered judgment for the plaintiff, and the defendant appealed. Id., 314.

On appeal, this court found the evidence sufficient, stating, "[h]ere, there was evidence as to how the accident happened: [the plaintiff] testified about what he saw, and evidence of physical facts was introduced through the investigating officer. . . . [T]here is little doubt about the manner in which the accident occurred. The facts were adequate to warrant the jury in drawing the inference that [the defendant's decedent] was the

responsible agent in causing his car to take the course it did. The jury could have found from the nature and the extent of the damage to the vehicles that [the defendant's decedent] was operating his car at an excessive speed and that he was not driving at a reasonable distance apart from the [plaintiff's vehicle]. It was reasonable to infer that [the defendant's decedent] was attempting to pass [the vehicle driven by the plaintiff] and, because the one-way traffic pattern terminated at the intersection, he accelerated the speed of his vehicle in order to complete the passing prior to entering the section of Long Wharf Drive where he would be confronted with oncoming traffic in the westerly lane." Id., 317–18. Because the plaintiff in *Terminal Taxi Co.* had adduced sufficient evidence to establish the actual and proximate cause of the accident, that case is readily distinguishable from the present case.

The plaintiff's reliance on *Toomey* v. *Danaher*, 161 Conn. 204, 286 A.2d 293 (1971), is equally unavailing. *Toomey* involved a negligence action brought by the plaintiff against the estate of his deceased wife for injuries he had suffered as a result of a motor vehicle accident, which he claimed had occurred while his wife was driving the vehicle. Id., 205–206. The plaintiff's wife, who died as a result of the injuries she had sustained in the accident, never regained consciousness, the plaintiff was unable to recall anything about the accident due to amnesia, and there were no eyewitnesses to the accident. Id., 207. This court reversed the judgment of the trial court in favor of the plaintiff, concluding that the trial court should have set aside the verdict and rendered judgment notwithstanding the verdict for the defendant on the ground that no negligence had been proved. Id., 211–12.

Despite the factual similarity in *Toomey* to the present case, the plaintiff relies, nevertheless, on the following dicta from *Toomey*: "An unreasonable rate of speed

would be a speed which was not safe considering the type of road, the amount of traffic thereon, the condition of the road, and the weather conditions. It would also include the physical condition of the driver and the general condition of the vehicle. The posted speed limit is indicative of the maximum reasonable speed under optimum conditions. Exceeding the posted speed limit, if the proximate cause of the accident, would be actionable negligence." Id., 208–209. The plaintiff asserts that the facts of the present case, namely, that Posades was traveling at an unreasonable speed established that his negligent and reckless conduct was the proximate cause of the accident. While we agree with the plaintiff that there was evidence that Posades was traveling at an unreasonable speed,[4] our inquiry does not end there. As this court recognized in *Toomey*, "[e]xceeding the posted speed limit, *if the proximate cause of the accident*, would be actionable negligence." (Emphasis added.) Id. Even with the existence of evidence of unreasonable speed, the plaintiff nevertheless must demonstrate that the unreasonable speed was the proximate cause of the accident. See *Wallace* v. *Waterhouse*, supra, 86 Conn. 548; see also *Hines* v. *Davis*, 53 Conn. App. 836, 839, 731 A.2d 325 (1999) ("[s]peed alone, even rapid speed, does not suffice to establish proximate cause in a negligence action").

The plaintiff's final claim is that public policy favors finding liability on the part of a police officer who operated a vehicle at an excessive rate of speed by recognizing that evidence of excessive speed is sufficient evidence of proximate cause. We disagree. Nothing in our ruling today suggests that the operator of a motor vehicle, including a police officer, who travels at an excessive speed will not be liable in damages for negli-

---

[4] In fact, as the trial court stated, Posades' conduct was not only negligent, but "reprehensible . . . ." (Internal quotation marks omitted.) *Winn* v. *Posades*, supra, 91 Conn. App. 613.

gence or recklessness. Our conclusion today is simply that we decline to vary from our previous case law that consistently has concluded that proof of excessive speed by the operator of a motor vehicle is insufficient, standing alone, to establish legal cause.[5]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[5] See footnote 3 of this opinion.