# LAURIE GAMBARDELLA *v.* APPLE HEALTH CARE, INC., ET AL.
## (AC 24370)

Flynn, DiPentima and Hennessy, Js.

Argued September 20, 2004—officially released January 18, 2005

*Margaret M. Doherty*, with whom, on the brief, were *Jeffrey J. Tinley* and *Thomas Greenaway*, for the appellant (plaintiff).

*Mark S. Shipman*, with whom were *Rachel L. Kittredge Shipman* and, on the brief, *David M. S. Shaiken*, for the appellees (defendants).

*Opinion*

FLYNN, J. In this action for defamation, wrongful termination of employment and breach of the implied covenant of good faith and fair dealing,[1] which was tried to the court, the plaintiff, Laurie Gambardella, appeals from the trial court's judgment, rendered following the granting of the motion to dismiss for failure to make out a prima facie case made by the defendants Apple Health Care, Inc. (Apple Health), Waterbury Extended Care Facility, Inc. (Waterbury facility), and John Sweeney, the administrator of the Waterbury facility. Specifically, the plaintiff claims that the court (1) applied an incorrect legal standard in granting the defendants' motion to dismiss under Practice Book § 15-8, (2) improperly found that the plaintiff failed to prove a prima facie case of defamation and, in doing so,

---

[1] Although the defendants briefed the issue of whether the trial court properly determined that the plaintiff did not present a prima facie case of breach of the implied covenant of good faith and fair dealing, a careful review of the issues briefed by the plaintiff on appeal indicates that she did not challenge the court's dismissal of that count of the complaint, and, therefore, we do not address the issue on appeal.

improperly based its decision on the unpleaded special defense of truth and on the special defense of qualified privilege, (3) improperly found that the plaintiff failed to prove a prima facie case of wrongful termination of employment and (4) failed to draw an adverse inference based on the defendants' loss of, destruction of or refusal to produce the original writing containing the defamatory statement.[2] We affirm in part and reverse in part.

The following evidence was submitted at trial. Between September, 1998, and May, 2000, the plaintiff was employed as an admissions coordinator by the Waterbury facility, a skilled nursing facility in Watertown that is owned and operated by Apple Health. In May, 2000, the plaintiff interviewed Eleanor O'Sullivan, who sought to admit her ninety-five year old aunt, Fannie Lauro, to the Waterbury facility. Lauro passed away three days after being admitted. O'Sullivan returned to the Waterbury facility to pick up some of Lauro's personal belongings. While in the room that Lauro had occupied, O'Sullivan told the plaintiff that because she had spent so much time with O'Sullivan preparing for Lauro's admission to the Waterbury facility, O'Sullivan wanted the plaintiff to have any of Lauro's items that she wanted. The plaintiff expressed an interest in a chair. The plaintiff testified that O'Sullivan then told her to offer to the staff whatever she did not want, and to offer the deceased's clothing to other residents. Three days later, the plaintiff's son and friend came to the facility at her request and removed two of Lauro's chairs from the facility. Sweeney, the plaintiff's supervisor, conducted an investigation. During the investiga-

---

[2] Specifically, the plaintiff claims that an inference should have been drawn in her favor and the missing report taken to mean that the publication was transmitted among other persons. Because we conclude that the plaintiff presented sufficient evidence to make out a prima facie case of defamation, and specifically that the publication requirement was met under the intracorporate communications doctrine, we will not address the fourth issue.

tion, O'Sullivan faxed a letter to Sweeney that stated: "Dear Ms. Gambardella: This letter is to clarify our verbal instructions regarding the disposition of the property of Fannie Lauro in room 5 L. The property consisting of clothing, recliner chair, dresser, lamp table and small arm chair, is left for you to distribute to yourself, your fellow staff members, or patients, at your sole discretion." Sweeney terminated the plaintiff's employment for theft of facility property, a severe infraction which, under the employee handbook, warranted termination. Sweeney wrote a disciplinary action report that stated: "Summary of Incident(s.): Theft of facility property—As evidenced by furniture donated by a resident's family member being removed from facility during off hours to her home. These items were donated to other residents and therefore became the property of [the Waterbury facility]—Once removed became theft. . . . Consequences of Continued Behavior: Due to the severity of this offense it is viewed by the [Apple Health] Handbook as a severe infraction carrying the consequence of termination."

At the close of the plaintiff's case, the defendants moved to dismiss the case for failure to make out a prima facie case. Ruling from the bench, the court granted the defendants' motion and found that the plaintiff had failed to make out a prima facie case on all counts as to all defendants. This appeal followed.[3]

I

The plaintiff first claims that the court applied an incorrect legal standard in granting the defendants' motion to dismiss under Practice Book § 15-8. Specifi-

---

[3] We note that the record does not contain a written memorandum of decision or a signed transcript regarding the court's decision granting the motion to dismiss as required by Practice Book § 64-1. However, we will review the plaintiff's claim because we determine that there is an adequate record for review.

cally, the plaintiff asserts that the court impermissibly made findings as to disputed facts at the close of the plaintiff's case, weighed the credibility of the witnesses and drew inferences against the plaintiff. We agree.

Practice Book § 15-8 provides in relevant part: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."

The standard for determining whether the plaintiff has made out a prima facie case, under Practice Book § 15-8, is whether the plaintiff put forth sufficient evidence that, *if believed*, would establish a prima facie case, not whether the trier of fact believes it. See W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Rules (2004 Ed.) § 15-8, comments, p. 650; see also *Thomas* v. *West Haven*, 249 Conn. 385, 392, 734 A.2d 535 (1999), cert. denied, 528 U.S. 1187, 120 S. Ct. 1239, 146 L. Ed. 2d 99 (2000). "For the court to grant the motion [for judgment of dismissal pursuant to Practice Book § 15-8], it must be of the opinion that the plaintiff has failed to make out a prima facie case. In testing the sufficiency of the evidence, the court compares the evidence with the allegations of the complaint." (Internal quotation marks omitted.) 2 E. Stephenson, Connecticut Civil Procedure (3d Ed. 2002) § 162 (f), p. 264. "In order to establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . [T]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor." (Internal quotation marks omitted.) *Cadle*

*Co.* v. *Errato,* 71 Conn. App. 447, 455–56, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002).

In this case, the court applied an incorrect standard for a motion for judgment of dismissal pursuant to Practice Book § 15-8. In granting the defendants' motion, the court made findings of fact, weighed the credibility of the evidence and testimony and did not, in all instances, take as true the evidence offered by the plaintiff and interpret it in the light most favorable to her. Because our review is plenary, we will review the evidence to determine whether the plaintiff made out a prima facie case for defamation and wrongful termination.[4]

## II

The plaintiff next claims that the court improperly found that she failed to prove a prima facie case of defamation as to the defendants Apple Health, the Waterbury facility and Sweeney. Specifically, the plaintiff claims that the court (1) applied an incorrect legal standard in determining what constitutes a prima facie case under Practice Book § 15-8, (2) improperly found that intracorporate publication was insufficient to satisfy the publication element of defamation, (3) improperly declared that the term "theft," as used in the disciplinary action report, did not constitute libel per se, and (4) improperly based its granting of the defendants' motion on their special defenses. We agree and conclude that the plaintiff made out a prima facie case for defamation as to each of the three defendants.

"[W]hether the plaintiff has established a prima facie case is a question of law, over which our review is plenary." (Internal quotation marks omitted.) *John H. Kolb & Sons, Inc.* v. *G & L Excavating, Inc.,* 76 Conn.

---

[4] The plaintiff also brought a claim for breach of the covenant of good faith and fair dealing that was dismissed. However, she does not challenge the dismissal of that claim.

App. 599, 605, 821 A.2d 774, cert. denied, 264 Conn. 919, 828 A.2d 617 (2003). "A defamatory statement is defined as a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him . . . . To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." (Citations omitted; internal quotation marks omitted.) *Cweklinsky* v. *Mobil Chemical Co.*, 267 Conn. 210, 217, 837 A.2d 759 (2004).

First, the plaintiff presented sufficient evidence, if believed, to establish that the defendants published a defamatory statement and published it to a third person. An accusation that someone is guilty of theft would fit the definition of a defamatory statement, which is defined as a communication that tends to harm the reputation of another, thereby lowering her in the estimation of the community or deterring third persons from associating or dealing with her. Because the disciplinary action report, which states that the plaintiff engaged in "theft," is defamation per se, injury to the plaintiff's reputation is presumed.

The element of publication is satisfied, pursuant to the doctrine of intracorporate communication, when "the statement about the [employee has] been communicated among the [employee's] supervisors and ha[s] been included in the [employee's] personnel file." (Internal quotation marks omitted.) *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 544 n.23, 733 A.2d 197 (1999), quoting *Torosyan* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, 234 Conn. 1, 27, 662 A.2d 89 (1995). After an investigation of the incident involving

the plaintiff and the furniture, Sweeney wrote a disciplinary action report. The report stated that the plaintiff's employment was terminated for: *"Theft* of facility property—As evidenced by furniture donated by a resident's family member being removed from facility during off hours to her home. These items were donated to the other residents and therefore became the property of [the Waterbury facility]—Once removed became theft." (Emphasis added.) In its oral decision, the court noted that during the plaintiff's exit interview, oral statements were made to the plaintiff in the presence of Kate Sloan, who worked at Apple Health's corporate headquarters. It also found that there was "no credible evidence at all that the written statement [in the disciplinary action report] or the oral statement [to Kate Sloan] were ever repeated to anyone outside of John Sweeney, the maker of the statements, Kate Sloan, at the premises of [the Waterbury facility], and John Boynton and Ken Lewis at the corporate offices of [Apple Health]." When looking at the sufficiency of the evidence, rather than the weight and credibility of the evidence, communication of the defamatory statement, "theft," to employees within the corporation, namely to Sloan, Boynton and Lewis, is enough to satisfy the intracorporate publication doctrine. See *Gaudio* v. *Griffin Health Services Corp.*, supra, 544 n.23.[5]

Second, the plaintiff presented sufficient evidence that, if believed, would establish that the defamatory statement identified the plaintiff to a third person.

[5] The plaintiff also claims that the court improperly based its decision to grant the defendants' motion on the special defense of privilege. The court found that a qualified privilege existed because there was no credible evidence to suggest the contrary, and thus found that the element of publication was not satisfied under the intracorporate communications doctrine. However, this conclusion is improper because a plaintiff is not required to overcome a special defense at the time of a motion for dismissal for failure to make out a prima facie case. See *Resnik* v. *Morganstern*, 100 Conn. 38, 42, 122 A. 910 (1923).

Sweeney's disciplinary action report that identified the plaintiff as having been involved in "[t]heft of facility property" was transmitted to Boynton, director of human relations for Apple Heath; to Sloan, who was asked by Sweeney to be a witness to the document; and to Lewis, who was involved in the appeal hearing. The plaintiff testified that, at the termination interview and in the presence of Sloan, Sweeney informed the plaintiff that her employment was being terminated for removing furniture from the facility, which was considered theft. The plaintiff subsequently attended an appeal hearing, at Apple Health's headquarters, in which Boynton and Lewis were involved.

Finally, when examining the evidence in the light most favorable to the plaintiff, the element of harm to the plaintiff's reputation is satisfied because we are dealing with defamation per se. As to the final prong of the prima facie case of defamation, that of injury to reputation, when a plaintiff claims defamation per se, she need not prove damages. See *Urban* v. *Hartford Gas Co.*, 139 Conn. 301, 308, 93 A.2d 292 (1952). "Defamation is comprised of the torts of libel and slander. . . . Slander is oral defamation. . . . Libel . . . is written defamation. . . . Libel per se . . . is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages. . . . When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. [The plaintiff] is required neither to plead nor to prove it. . . . Whether a publication is libelous per se is a question for the court." (Internal quotation marks omitted.) *Lowe* v. *Shelton*, 83 Conn. App. 750, 765–66, 851 A.2d 1183, cert. denied, 271 Conn. 915, 859 A.2d 568 (2004). In general, there are two classes of libel that are actionable per se: "(1) libels charging crimes and (2) libels which injure a man in his profession and calling. . . .

To fall within the category of libels that are actionable per se because they charge crime, the libel must be one which charges a crime which involves moral turpitude or to which an infamous penalty is attached." (Internal quotation marks omitted.) *Lega Siciliana Social Club, Inc.* v. *St. Germaine*, 77 Conn. App. 846, 853, 825 A.2d 827, cert. denied, 267 Conn. 901, 838 A.2d 210 (2003).

In the disciplinary action report, the plaintiff was accused of theft. The court found that the word "theft," as used in the disciplinary action report, although harsh, was not false because it is explained immediately by facts consistent with the incident that gave rise to the plaintiff's termination. The defendants assert that the usage of the word "theft" in the disciplinary action report does not amount to a defamatory statement, when taken in the context of the report as a whole, because it is followed by an explanation of events. This conclusion is improper because on a motion for judgment of dismissal, we are to construe the facts in the light most favorable to the plaintiff. Therefore, because we are bound to draw all reasonable inferences in favor of the plaintiff, we cannot assume that the surrounding explanations mitigate, in any way, the intensity of the word "theft." For purposes of a prima facie case, the disciplinary action report satisfies the element of being defamatory.[6] We therefore conclude that the court

---

[6] Furthermore, the plaintiff claims that although truth is a defense to defamation, she is not required to overcome that defense at the time of a motion for dismissal for failure to make out a prima facie case. "Although it is true that for a claim of defamation to be actionable, the statement must be false; see *Goodrich* v. *Waterbury Republican-American, Inc.*, 188 Conn. 107, 112, 448 A.2d 1317 (1982); and under the common law, truth is an affirmative defense to defamation . . . the determination of the truthfulness of a statement is a question of fact for the [trier of fact]." (Citation omitted.) *Cweklinsky* v. *Mobil Chemical Co.*, supra, 267 Conn. 228–29. When ruling on a motion to dismiss under Practice Book § 15-8 for failure to make out a prima facie case, the evidence offered by the plaintiff is to be taken as true. See *Cadle Co.* v. *Errato*, supra, 71 Conn. App. 455–56. The court acted improperly when it made findings of fact at this stage instead of taking the plaintiff's evidence, concerning the falsity of the accusation of theft, as true.

improperly found that the plaintiff had failed to make out a prima facie case of defamation and that the court improperly dismissed this claim.

### III

The plaintiff next claims that the court improperly held that she failed to prove a prima facie case of wrongful termination as to the Waterbury facility and Sweeney. We affirm this dismissal on alternate grounds.[7]

In this case, the plaintiff alleged in her complaint that the defendants terminated her employment for theft, but "knew at the time that the plaintiff had not committed theft." The plaintiff presented evidence that the defendants falsely had accused her of theft, knowing the accusation was false. At trial, the plaintiff presented evidence that O'Sullivan told Sweeney twice, once by telephone and once by fax, that she had given to the plaintiff, as a gift, all of the personal property that was left in Lauro's room after her death. The plaintiff presented further evidence that the employee handbook states that accepting gifts and gratuities is considered a moderately severe infraction warranting a suspension and probation, while stealing property is a severe infraction warranting termination. Collen Busk, the plaintiff's coworker at the Waterbury facility, who had removed Lauro's dresser from the facility, was not fired.

In at-will employment relationships, there is a common-law cause of action in tort for the discharge of an at-will employee "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." *Sheets* v. *Teddy's Frosted Foods,*

---

[7] "Where the trial court reaches a correct decision but on mistaken grounds, [our Supreme Court] has repeatedly sustained the trial court's action if proper grounds exist to support it." (Internal quotation marks omitted.) *Kelley* v. *Bonney*, 221 Conn. 549, 592, 606 A.2d 693 (1992).

*Inc.*, 179 Conn. 471, 475, 427 A.2d 385 (1980). "The holdings of *Sheets*, [*Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 693 A.2d 293 (1997)] and [*Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 513 A.2d 66 (1986)] recognize that explicit statutory or constitutional provisions as well as judicial decisions can define public policy." *Thibodeau* v. *Design Group One Architects, LLC*, 64 Conn. App. 573, 580, 781 A.2d 363 (2001) rev'd on other grounds, 260 Conn. 691, 802 A.2d 731 (2002). *Sheets* and its progeny recognize a wrongful discharge cause of action under the public policy exception in circumstances where the defendant fires an employee for refusing to commit an unlawful act. *Sheets* v. *Teddy's Frosted Foods, Inc.*, supra, 471.

The public policy exception to the at-will employment doctrine, however, is "to be construed narrowly." *Fenner* v. *Hartford Courant Co.*, 77 Conn. App. 185, 194, 822 A.2d 982 (2003). Under that narrow exception, "the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." *Morris* v. *Hartford Courant Co.*, supra, 200 Conn. 679. In evaluating such claims, our Supreme Court has looked "to see whether the plaintiff has . . . alleged that his discharge violated any explicit statutory or constitutional provision . . . or whether he alleged that his dismissal contravened any judicially conceived notion of public policy. . . . *Faulkner* v. *United Technologies Corp.*, [supra, 240 Conn. 580–81]." *Thibodeau* v. *Design Group One Architects, LLC*, 260 Conn. 691, 699, 802 A.2d 731 (2002). "A cognizable claim for wrongful discharge requires the plaintiff to establish that the employer's conduct surrounding the termination of the plaintiff's employment violated an important public policy." *Carnemolla* v. *Walsh*, 75 Conn. App. 319, 323 n.5, 815 A.2d 1251, cert. denied, 263 Conn. 913, 821 A.2d 768 (2003).

After reviewing the amended revised complaint, we find no specific allegation as to any important policy that the defendants are claimed to have violated, nor in reviewing the record do we find any evidence of such pleaded policy, whether it be constitutional or statutory, or arising out of judicial decision. We therefore distinguish our treatment of the court's dismissal of the wrongful termination count from our analysis of the plaintiff's defamation counts because, as to the wrongful termination count, even if the court had accorded the plaintiff all favorable inferences, as it was required to do under Practice Book § 15-8 in evaluating a prima facie case, the plaintiff failed to plead and to offer evidence about a necessary element of the cause of action.

The judgment is reversed only as to the dismissal for failure to make out a prima facie case of defamation against all three defendants and the case is remanded for a new trial as to defamation. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.