STATE OF CONNECTICUT *v.* ROBERT
L. MCMILLION
(AC 31625)

Harper, Bear and Pellegrino, Js.

Argued February 9—officially released May 24, 2011

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Rocco A. Chiarenza*, deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *James Bernardi*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Robert L. McMillion, appeals from the judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1). His sole contention is that the trial court improperly denied his motion to suppress certain incriminatory statements allegedly made without adequate advisement of his *Miranda* rights.[1] We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. On the evening of September 15, 2007, a verbal altercation transpired between the defendant and the victim, Ivan Flores, outside the Latino Club in Stamford. The altercation culminated with the defendant repeatedly striking the victim in the head with an aluminum baseball bat. Subsequently, the victim

---

[1] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

was transported to Stamford Hospital, where he was admitted to the intensive care unit and treated for injuries that included, inter alia, lacerations of his head and scalp, fractured bones around his right eye, a fractured skull and both epidural and subdural hematomas, which involve bleeding in the head. At trial, Vanessa M. Brown, an emergency room physician at Stamford Hospital, testified that the victim faced a substantial risk of death as a result of his injuries.

Following the assault, the defendant fled to North Carolina, where he subsequently was apprehended. The defendant waived extradition and was transported back to Connecticut on October 29, 2007, by Sergeant Anthony Lupinacci and Officer Paul Mabey of the Stamford police department. During that trip, the defendant made a number of statements to Lupinacci and Mabey, which he later moved to suppress as violative of *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). After a hearing, the court denied that motion. A trial followed, at the conclusion of which the jury found the defendant guilty of assault in the first degree. The court rendered judgment accordingly and thereafter sentenced him to a total effective term of eight years incarceration and five years of special parole. This appeal followed.

At the outset, we note what is not before us. In its oral decision on the motion to suppress, the court found that the defendant was provided warnings pursuant to *Miranda* v. *Arizona*, supra, 384 U.S. 478–79. The court expressly credited the testimony of Mabey, who stated at the suppression hearing that after placing the defendant in handcuffs, he informed the defendant that "[h]e has the right to remain silent. Anything he says can and will be used against him in a court of law. He has the right to an attorney. If he cannot afford one, the court will appoint him one. He has the right to stop answering questions at any time. He has the right to invoke his

privilege to an attorney at any time. He has the right to not answer specific questions, if he wants to pick and choose the questions he wants to answer . . . . The *Miranda* warnings don't say that, I go above and beyond what the *Miranda* says and explain it a little bit further and then I asked [the defendant] if he understood [the warnings]. He indicated . . . while I [was] going through them, he [stated] 'I know them, I know them, I know them.' I [responded that] I have to do this anyway. So I went through them. He said he understood them and then he waived them and said he wanted to talk to us . . . ." Although the defendant in his appellate brief opines that "[t]here is little evidence to support the court's finding in this case that the *Miranda* warnings were given at all," he neither has challenged that finding as clearly erroneous nor briefed the issue in any manner. See, e.g., *State* v. *Jones*, 99 Conn. App. 196, 202, 912 A.2d 1099 ("well established that analysis, rather than abstract assertion, of claims is a prerequisite to appellate review"), cert. denied, 281 Conn. 927, 918 A.2d 279 (2007); *Ramsay* v. *Camrac, Inc.*, 96 Conn. App. 190, 198 n.8, 899 A.2d 727 (declining to review claim "buried" in discussion of related issue and not "distinctly raised as a separate point on appeal"), cert. denied, 280 Conn. 910, 908 A.2d 538 (2006). Accordingly, we confine our review to the distinct claim advanced in this appeal.

The defendant's specific contention is that the *Miranda* warnings provided were inadequate in that he was not expressly advised of his right to have an attorney present during questioning. His claim presents a question of law over which our review is plenary. See *State* v. *Jones*, 281 Conn. 613, 654, 916 A.2d 17, cert. denied, 552 U.S. 868, 128 S. Ct. 164, 169 L. Ed. 2d 112 (2007).

The fifth amendment to the United States constitution affords to each individual the privilege not to be compelled to incriminate oneself. In *Miranda*, the United

States Supreme Court recognized that "the right to have counsel present at the interrogation is indispensable to the protection of the [f]ifth [a]mendment privilege . . . ." *Miranda* v. *Arizona*, supra, 384 U.S. 469. That court since has explained that reviewing courts evaluating the adequacy of *Miranda* warnings "need not examine [them] as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda.*" (Internal quotation marks omitted.) *Duckworth* v. *Eagan*, 492 U.S. 195, 203, 109 S. Ct. 2875, 106 L. Ed. 2d 166 (1989).

We conclude that the warnings that Mabey provided to the defendant reasonably conveyed those rights. Although Mabey did not expressly advise the defendant of his right to have an attorney present during questioning, the court found that Mabey did inform him that he has the right to an attorney and that he has the right to invoke his privilege to an attorney at any time. In that respect, this case resembles *Florida* v. *Powell*, 559 U.S. 50, 130 S. Ct. 1195, 175 L. Ed. 2d 1009 (2010). At issue in *Powell* was "whether advice that a suspect has 'the right to talk to a lawyer before answering any of [the law enforcement officers'] questions,' and that he can invoke this right 'at any time . . . during th[e] interview,' satisfies *Miranda.*" Id., 53. In answering that query in the affirmative, the court stated that "[t]he first statement communicated that [the defendant] could consult with a lawyer before answering any particular question, and the second statement confirmed that he could exercise that right while the interrogation was underway. In combination, the two warnings reasonably conveyed [his] right to have an attorney present, not only at the outset of interrogation, but at all times." Id., 62. Thus, the court concluded that "[a]lthough the warnings were not the clearest possible formulation of *Miranda*'s right-to-counsel advisement, they were

sufficiently comprehensive and comprehensible when given a commonsense reading." Id., 63.

A commonsense reading of Mabey's warnings to the defendant in the present case persuades us that they "communicated the same essential message" as that required by *Miranda*. Id., 64. After first advising the defendant of his right to an attorney, Mabey then informed him of both his "right to stop answering questions at any time" and his "right to invoke the privilege of an attorney at any time." In tandem, those warnings reasonably conveyed to the defendant his right to have an attorney present at any time during the interrogation.

In addition, we are mindful that the court, in its oral decision, found that the defendant had "been arrested on at least twelve prior occasions," that he "is very sophisticated, very intelligent and seems to understand a great deal [about] the legal process" and that "[the defendant] is . . . a seasoned individual who understands what *Miranda* rights are about." The defendant does not contest those findings on appeal. Likewise, the court had before it evidence that the defendant articulated his familiarity with his *Miranda* rights at the time of his October 29, 2007 arrest. At the suppression hearing, Mabey testified that as he advised the defendant of those rights, the defendant stated, " 'I know them, I know them, I know them' and 'I know my rights inside and out.' " The court found Mabey's testimony to be credible, as was its exclusive prerogative. See *State* v. *Santiago*, 245 Conn. 301, 318, 715 A.2d 1 (1998). Furthermore, contrary to his contention on appeal, the defendant admitted in his suppression testimony that, as a general matter, he was aware of his right to have counsel present during questioning. When specifically asked if he was aware of his right to have counsel present in the automobile during the October 29, 2007 trip from North Carolina to Connecticut, the defendant

testified, "Oh yes, exactly." The foregoing informs our analysis of whether a constitutional violation has occurred.

*Miranda* warnings are prophylactic measures designed to guard against infringement of the privilege against self-incrimination. *Miranda* v. *Arizona,* supra, 384 U.S. 467. At the same time, they "were not intended to create a constitutional straitjacket"; (internal quotation marks omitted) *Michigan* v. *Tucker,* 417 U.S. 433, 444, 94 S. Ct. 2357, 41 L. Ed. 2d 182 (1974); nor do they require "a ritualistic recital of meaningless words." *People* v. *Prim,* 53 Ill. 2d 62, 67, 289 N.E.2d 601 (1972), cert. denied, 412 U.S. 918, 93 S. Ct. 2731, 37 L. Ed. 2d 144 (1973). As the United States Court of Appeals for the Second Circuit has recognized, "*Miranda* warnings are prophylactic only; they are not constitutional rights in themselves. . . . The reading of (or failure to read) *Miranda* warnings only has a presumptive effect on whether or not an individual's [f]ifth [a]mendment rights may have been violated." (Internal quotation marks omitted.) *Deshawn E.* v. *Safir,* 156 F.3d 340, 346 (2d Cir. 1998). The essential purpose of *Miranda* warnings "is to provide a criminal suspect with the informed choice either to exercise his [f]ifth and [s]ixth [a]mendment rights or to waive them." *United States* v. *Yousef,* 327 F.3d 56, 144 (2d Cir.), cert. denied, 540 U.S. 933, 124 S. Ct. 353, 157 L. Ed. 2d 241 (2003); see also *Young* v. *Walls,* 311 F.3d 846, 850 (7th Cir. 2002) (purpose of *Miranda* warnings is "to protect the suspect's privilege against compulsory self-incrimination"); *United States* v. *Frazier,* 476 F.2d 891, 900 (D.C. Cir. 1973) (purpose of *Miranda* warnings "is to convey information to the suspect"). In the present case, that aim was met. Accordingly, we conclude that the court properly denied the defendant's motion to suppress.

The judgment is affirmed.

In this opinion the other judges concurred.